420 A.2d 542

**COMMONWEALTH of Pennsylvania**

v.

**Robert J. KERNS, Appellant.**

Superior Court of Pennsylvania.

Argued March 17, 1980.

Filed May 23, 1980.

284

Barry M. Miller, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

On February 5, 1979, appellant, Robert J. Kerns went through a radar beam which had been set up by the Pennsylvania State Police on Route 73 in Skippack Township, Montgomery County. His vehicle registered at 50 miles per hour in a 35 miles per hour zone and he was, therefore, stopped and given a citation. After his conviction for speeding, he appealed to the Common Pleas Court where he was again found guilty on June 1, 1979. This appeal raises two issues: (1) whether the Commonwealth properly established the 35 mile per hour speed limit at the location in question, and (2) whether the radar apparatus employed was approved and certified as required by law.

The Vehicle Code of 1976 established general maximum speeds of 35 miles per hour in any urban district and 55 miles per hour in other locations.[1] In a later provision the Act permits the Department of Transportation or local authorities to determine maximum permissible speeds to be greater or lesser than these limits, not to exceed 55 miles per hour. This is to be done upon the basis of "an engineering and traffic investigation" to determine reasonable and safe limitations under the conditions found to exist.[2] Instantly, the argument is made that the violation took place in a non-urban district and that the Commonwealth, having failed to establish that the 35 mile per hour limit was set in accordance with the required engineering and traffic investigation, did not prove a critical element of the offense and so the conviction must be set aside. However, it is not the Commonwealth's initial burden to offer into evidence the results of an engineering and traffic study. Recently a panel of this Court was presented with the same argument and applied a statutory presumption that official traffic control devices have been so placed by the official act or

1. Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa.C.S.A. § 3362.

2. 75 Pa.C.S.A. § 3363.

direction of lawful authority. In applying the presumption [3] the Court stated:

> It is uncontested that the speed limit signs were official signs and that they were posted so as to have been readily observable by the motoring public. The Commonwealth was, therefore, entitled to the presumption that they were lawfully authorized.

*Commonwealth v. Gernsheimer,* 276 Pa.Super. 418 at 422, 419 A.2d 528 at 530 (1980). The evidence in the instant case indicated that for at least eight years there were nine signs posted to indicate the 35 mile per hour zone of approximately a mile and a half in the Village of Skippack where the violation took place. The defendant offered no evidence that the devices were non–conforming or were not placed by the official act or direction of lawful authority and therefore under the authority of *Gernsheimer* his argument must fail.

 Assuming arguendo, that there was evidence that the signs were not posted pursuant to engineering and traffic investigation conducted under the Vehicle Code of 1976, we still feel the Commonwealth must prevail. There is nothing in the language of 75 Pa.C.S.A. § 3363 (providing for alteration of maximum limits) to suggest that all previously altered limits existing on July 1, 1977, the effective date of the Vehicle Code, were rendered invalid until new engineering and traffic investigations took place. In fact the indications are otherwise. "Engineering and Traffic Study" is defined in the Code as:

> An orderly examination or analysis of physical features and traffic conditions conducted in accordance with regulations of the department and conforming to generally accepted engineering standards and practices for the pur-

---

**3.** 75 Pa.C.S.A. § 3111(c) "Presumption of authorized placement— Whenever official traffic–control devices are placed or held in position approximately conforming to the requirements of this title, the devices shall be presumed to have been so placed by the official act or direction of lawful authority, unless the contrary shall be established by competent evidence."

pose of ascertaining the need or lack of need for a particular action by the department or local authorities. 75 Pa.C.S.A. § 102.

Thus, the legislature granted to the Department of Transportation the power to regulate the conduct of the studies.[4a] On September 12, 1979, the Department issued an order[4b] amending Chapter 610.3 of Title 67 of the Pennsylvania Code (Relating to engineering and traffic studies) as follows:

(e) Traffic restrictions in effect and duly posted or erected on July 1, 1977 are not subject to the provisions of this chapter, provided:

(1) the Department or local officials have on file evidence that the traffic restrictions were so posted and erected.

In so ordering the Department stated its policy:

The elimination of the requirement for restudy of designated traffic restrictions on State–designated highways is made since the majority of the existing restrictions were established as a result of an engineering and traffic study, and also because there is no requirement for restudy of the same traffic restriction on local highways.[5]

The provision for alteration of maximum speed limits pursuant to engineering studies was not new with the Vehicle Code of 1976. The Vehicle Code of 1959, as amended, provided "... speed limits shall be subject to reduction by the Secretary of Highways on the basis of highway engineering studies". Act of April 29, 1959, P.L. 58, § 1002, as

4a. *See also* 75 Pa.C.S.A. § 6105.

4b. 9 Pa.Bulletin 3571. This order amending prior rules was effective on October 27, 1979, but was, in all respects material to the instant case, the same as the prior rule which was effective August 27, 1977, 67 Pa.Code 610.3(d) in 7 Pa.Bulletin 2413.

5. The recognition of previous traffic studies is in keeping with the express policy of the Vehicle Code of 1976. 75 Pa.C.S.A. § 104 (repealed, but same effect is supplied by 1 Pa.C.S.A. §§ 1961, 1962).

amended by Act of October 25, 1973, P.L. 312, No. 98, § 1, 75 P.S. § 1002(c) (repealed).

Indeed, it would be anomalous if a newly enacted Vehicle Code regulating every phase of motor vehicle usage invalidated lawfully established speed restrictions existing throughout the highway systems of the Commonwealth. In ascertaining the intention of the legislature in enacting the Vehicle Code of 1976 we may presume that such an absurd and unreasonable result was not intended.[6]

■ Lastly, defendant argues that the introduction into evidence of documents approving Model TR–6 Traffic Radar System manufactured by Kustom Signals, Chanute, Kansas as a speed timing device and certifying American Electronic Laboratories, Inc. as an approved testing laboratory was error since those documents predated the effective date of the Code. The Vehicle Code of 1976 does provide for Department of Transportation approval of all mechanical, electrical or electronic devices for speed timing and for appointment of stations for calibrating and testing the devices.[7] Much of what we have said in the first part of this opinion applies to this argument also. There is nothing to suggest that the Code of 1976 was intended to revoke the prior approval of radar apparatus and the appointment of stations for calibrating and testing the approved apparatus under 75 P.S. § 1002(d.1) (repealed). In any event in due course, both the electronic device and the testing and calibration station were respectively approved and appointed on August 18, 1977, by order of the Department of Transportation. 67 Pa.Code 337.10 and 337.11.[8]

Judgment of sentence affirmed.

6. Statutory Construction Act. 1 Pa.C.S.A. § 1922(1).

7. 75 Pa.C.S.A. § 3368.

8. 7 Pa.Bulletin 2422–23. The authority for this departmental order is found in 75 Pa.C.S.A. § 3368(d). The order became effective by publication in *The Pennsylvania Bulletin* on August 27, 1977. 7 Pa.Bulletin 2422.