437 A.2d 1268

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James AIELLO.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1981.

Filed Dec. 11, 1981.

Floyd P. Jones, Assistant District Attorney, York, for Commonwealth, appellant.

James Aiello, appellee, in pro. per.

Before BROSKY, McEWEN and BECK, JJ.

BECK, Judge:

Appellee, James Aiello, was arrested on March 27, 1979 for exceeding a 50 m.p.h. speed limit posted December 28, 1972 on State Route 15 in York County. The speed limit was established on October 19, 1972 by the Department of Transportation upon the recommendation of the Bureau of Traffic

Engineering. Appellee was convicted for speeding pursuant to Section 3362(a)(3) of the Vehicle Code (Title 75). The Code, which provides a 55 m.p.h. speed limit for locations outside urban districts, was enacted on June 17, 1976 and became effective on July 1, 1977. Appellee filed a Motion to Dismiss because he argues that the speed limit on State Route 15 was 55 m.p.h. He asserts that any lower limit must be affirmatively supported by an engineering and traffic investigation demonstrating that the lower speed limit is a reasonable and safe maximum limit.

In *Commonwealth v. Kerns*, 278 Pa.Super. 283, 288, 420 A.2d 542, 544 (1980), Judge Cavanaugh reasoned:

Indeed, it would be anomalous if a newly enacted Vehicle Code regulating every phase of motor vehicle usage invalidated lawfully established speed restrictions existing throughout the highway systems of the Commonwealth.... (W)e may presume such an absurd and unreasonable result was not intended.

In support of that conclusion, Judge Cavanaugh cited a September 12, 1979 order relating to engineering and traffic studies issued by the Department of Transportation, 9 Pa. Bulletin 3571, which stated in relevant part:

Traffic restrictions in effect and duly posted or erected on July 1, 1977 are not subject to the provisions of the chapter, provided:

(1) the Department of local officials have on file evidence that the traffic restrictions were so posted and erected.

We hold that Section 3363 does not require that speed limits in existence at the inception of the new Vehicle Code must be verified by a traffic study in order to sustain a speeding conviction.

Order of the lower court dismissing the citation is reversed, and this case is remanded to the District Justice for sentencing.