## Commonwealth v. Sanders

*Charles Lieberman,* Assistant District Attorney of Pike County.

*Ira Weinstock,* for defendant.

*John H. Klemeyer,* for Milford Borough.
*Karl Wagner,* for Westfall Township.
*Sanford D. Beecher,* for Matamoras Borough.

THOMSON, *P.J.,* October 4, 1983 — Defendant has appealed a summary motor vehicle conviction for speeding. Defendant seeks to have ruled inadmissible the results of a VASCAR speed timing test which clocked defendant's tractor-trailer at 44 mph in a posted 25 mph zone on the night of January 14, 1983. Defendant concedes that this VASCAR system had been tested and certified but contends that its use in this case violates 75 C.S.A. §§6109b and 6109c because the local borough had failed to pass an ordinance expressly authorizing the use of the VASCAR system and to post warning signs that the speed limit could be enforced by the use of VASCAR. The matter was argued on August 26, 1983. Judgment was reserved pending the submission of briefs on this issue. The Boroughs of Milford and Matamoras and the Township of Westfall which use the VASCAR system have submitted an amicus curiae *brief.*

Defendant's argument is based on the statutory interpretation of 75 Pa.C.S.A. §6109 adopted by Judge Creany of Cambria County in Commonwealth v. Herdman, 21 D.&C. 3d 48 (1981). 75 Pa. C.S.A. §6109(a)(10) and (11) give local authorities the power to alter or establish speed limits and to enforce these speed restrictions. However, 75 Pa. C.S.A. §6109(b) states that "action taken by local authorities under this section shall be: (1) by ordinance of the local governing body." 75 Pa.C.S.A. §6109(c) states that "no regulation or ordinance enacted under subsection (a)(10), (11) shall be effective unless official traffic-control devices giving notice of the traffic regulation or ordinances are

erected upon or at the entrances to the highway or part thereof affected as may be most appropriate."

Using these two statutory provisions, Defendant argues that before a borough can use any speed timing device authorized in 75 Pa.C.S.A. §3368 to enforce the speed restrictions it sets under 75 Pa. C.S.A. §6109(a); it must first enact an ordinance authorizing the use of this speed timing device under 75 Pa.C.S.A. §6109(b) and post official traffic-control signs giving notice, that such device may be used in accordance with 75 Pa.C.S.A. §6109(c).

Defendant's argument is bolstered by the holding of Commonwealth v. Herdman, 21 D.&C. 3d 48 (1981) that before a municipality can use an ESP Model TK100 device it must both adopt the use of the device by ordinance and post notice on the highways that this device could be used to enforce the speed limit. The VASCAR device employed in this case is nearly identical to the ESP device used in Herdman. Both are electrical-mechanical devices approved for use by local municipalities in enforcing speed restrictions. 10 Pa. Bull. 3212 (1980); 8 Pa. Bull. 3378 (1978). Both work by placing sensor strips across the road parallel to each other and timing the speed it takes for a vehicle to go from one strip to the next. While the ESP is electronically activated by the force of a passing car; the VASCAR system depends on an officer manually activiting the device as soon as a vehicle hits the front sensor strip.

Speed restrictions may be enforced by a variety of devices authorized in 75 Pa.C.S.A. §3368 including speedometers, stop watches, electrical-mechanic devices like ESP and VASCAR, and in the case of the State Police, by radar. The court in Herdman analogized the ESP and VASCAR devices to radar and concluded that protective provisions like ordi-

nances and warning signs were necessary to protect the public from possible abuses by revenue hungry municipalities. Commonwealth v. Herdman, 21 D.&C. 3d 48, 54 (1981). This court disagrees and characterizes with VASCAR system as a type of glorified stopwatch. Therefore the elaborate safeguards enunciated in Herdman are not needed. Warning signs should be restricted to radar enforcement as they were in 75 P.S. §1002, now repealed by 75 Pa. C.S.A. §3368(c0)(2) which deleted all mention of warning signs. The ordinance requirement applies to the creation of a speed limit and a police department authorized to enforce that limit, not to the method of enforcement.

The court now turns to an examination of each of defendant's arguments in more depth.

### I. REQUIREMENT OF AN ORDINANCE APPROVING VASCAR USE

As noted before, 75 Pa.C.S.A. §6109(b) states that actions establishing and enforcing speed limits by local authorities shall be undertaken by ordinance of the local governing body. The court believes that this provision is limited to establishing local speed limits, posting the speed limits and authorizing the local police department to patrol the roads and enforce these limits. To hold that 75 Pa.C.S.A. §3109(b) requires that a local governing body must pass an ordinance authorizing the use of every speed timing device permitted by 75 Pa.C.S.A. §3368 would be ridiculous.

For instances, 75 Pa.C.S.A. §3368(a) authorizes a police officer to use his speedometer as a speed timing device. This court simply refuses to believe that a local governing body must pass an ordinance under 75 Pa.C.S.A. §6109(b) granting a police officer permission to use his speedometer to enforce speed

16

restrictions enacted under 75 Pa.C.S.A. §6109(a)(10) and (11).

The VASCAR system used in this case is classified under 75 Pa.C.S.A. §3368(c) as a mechanical or electrical device. A similar device also authorized by the Superior Court in Commonwealth v. Manny, 272 Pa. Super 93, 414 A.2d 685, (1979) as a speed timing device is the common stopwatch. In that case, the police officers stationed their cars one-eighth of a mile apart. When a car passed, the first officer started his stopwatch. When the car passed the second one he radioed to his partner to stop the stopwatch. This is similar to the method used in the present case. The officer measured off a one-eighth of a mile strip at the end of which he put down the VASCAR sensor strips. When a car hit the first strip he started the clock. When the car hit the second strip the speed was recorded.

In Manny, no one made the argument that the borough council must pass an ordinance authorizing the police to use stopwatches. "(I)n ascertaining the legislative intent it is presumed that the legislature did not intend an absurd result or one which is impossible of execution or unreasonable." Department of Transportation v. Burke, 31 Pa. Commw. 290 375 A.2d 1375, 1379, (1977); quoted in Commonwealth v. Manny, 11 D.&C. 3d 714, 719 (1978).

The court feels that this is the case here. The borough has acted by ordinance in establishing speed limits, posting signs, creating and equiping a police force, and authorizing this police force to enforce its speed restrictions. But to have to authorize its police force to employ the stopwatches, speedometers and electrical-mechanical devices already authorized under the Motor Vehicle Code, 75 Pa.C.S.A. §3368, would be a duplication of effort. The logical scheme of things is to permit police officers to enforce the

local ordinances with the means explicitly permitted by the legislature in the Motor Vehicle Code. The court feels that 75 Pa.C.S.A. §6109(b) is concerned with the implementation of speed restrictions and authority to enforce them, not the means of enforcement which are controlled by 75 Pa.C.S.A. §3368.

## II. REQUIREMENT OF SIGNS WARNING "SPEED CHECKED BY VASCAR"

75 Pa.C.S.A. §6109(c) states that no ordinance regarding speed restrictions shall be effective until official traffic-control devices giving notice of the regulation or ordinance are posted on the highway. A simple interpretation of this provision could mean that you have to post the speed limit. But the court in Commonwealth v. Herdman, 21 D.&C. 3d 48 (1981) "analogized the use of ESP with that of radar and the requirement of warning signs." Commonwealth v. Herdman, 21 D.&C. 3d 48, 54 (1981).

Defendant's argument that traffic-control devices means warning signs rests on the public policy grounds that VASCAR is similar to radar and therefore subject to the same abuses. The requirement that warning signs must be posted prior to speed enforcement by radar comes from 75 P.S. 1002(d.1)(1) stating that: "no conviction shall be had upon evidence obtained through the use of radar apparatus unless; (iii) official warning signs have been erected on the highway by the proper authority indicating that radar is in operation." See Commonwealth v. Kubelius, 209 Pa. Super 232, 535 A.2d 39, (1967). The only court to ever extent warning signs beyond radar is Commonwealth v. Herdman, 21 D.&C. 3d 48 (1981).

In 1977 75 P.S. §1002 was repealed and replaced with 75 Pa.C.S.A. §3368(c)(2). This subsection

makes no mention of any warning sign requirement. This court has found numerous cases reversing speeding convictions and throwing out radar clocking due to lack of warning signs prior to 1977. See Commonwealth v. Roberts, 68 Luz L. Reg 26 (1974); Commonwealth v. Gratkowski, 65 D.&C. 2d 332 (1973); Commonwealth v. Milosevich, 28 Sum. 109 (1973); Commonwealth v. Sager, 93 Montg. 204 (1970); Commonwealth v. York, 84 York 95 (1970); Commonwealth v. Fornwalt, 203 Pa. Super. 411, 262 A.2d 115, (1964); License of Sabatino, 31 D.&C. 2d 215 (1963); Suspension of Grubb's License, 44 Wash. Co. 88 (1963); Commonwealth v. Sheetz, 27 D.&C. 2d 566 (1962). However, the only case mentioning warning signs in any context after 1977 is Commonwealth v. Herdman, 21 D.&C. 3d 48 (1981) in which the court noted at 54 that: "the Commonwealth has not presented nor has this Court discovered any case authority that positively holds that warning signs are no longer an element in establishing a conviction consequent radar detection." Subsequent cases, including Commonwealth v. Kerns, 278 Pa. Super. 283, 420 A.2d 542 (1980) and Commonwealth v. Gernsheimer, 276 Pa. Super. 418, 419 A.2d 528 (1980) are silent on this issue in affirming speeding convictions clocked by radar.

This court is of the opinion that if warning signs are still required, they should be restricted to radar and analogous devices and should not apply to VASCAR. A distinction should be made between electronic devices like radar authorized under 75 Pa.C.S.A. §3368(d) and electrical-mechanical devices like VASCAR, ESP, stopwatches and speedometers authorized under 75 Pa.C.S.A. §3368(a) and (c). This court has characterized VASCAR as a glorified stopwatch. A warning sign that "speed checked by stopwatch" or "speed checked by speed-

ometer" would be meaningless. Yet under defendant's interpretation of 75 Pa.C.S.A. §6109(c) they would be required.

This court declines to interpret 75 Pa.C.S.A. §6109(c) as requiring warning signs to be posted where VASCAR is to be used. The official traffic-control devices that give notice of traffic regulations are traffic lights, speed limit signs, stop signs and one way arrows. The requirement for warning signs has always been statutorily limited to radar enforcement and this statute has been repealed. Defendant's objections to the admissibility of the VASCAR results are overruled and his summary conviction is affirmed.

### ORDER

And now, this October 4, 1983, defendant's objections to the admission of VASCAR results into evidence are overruled. Defendant's summary conviction is affirmed. Defendant has ten days to file any post-verdict motions and 30 days to appeal.