## Commonwealth v. Hostetter

*Roy A. Keefer,* Assistant District Attorney for the Commonwealth.

*Ronald Hagarman,* for defendant.

SPICER, *P.J.,* March 7, 1984—Defendant has appealed a speeding conviction to this court. There are no factual issues and we decide the case on stipulated facts. Several important legal issues have been raised and argued.

The incident occurred in the Borough of McSherrystown which is in the southeastern part of Adams County. McSheerystown abuts Conewago Township on the west where Pennsylvania Highway Route 116 enters the borough in an east to west direction and becomes Main Street in the borough.

Defendant drove on Route 116 through the township and into the borough August 15, 1983. He was charged with driving 38.5 miles per hour on Main Street as a result of a determination made by using a Speed Check Model One electrical speed device. The speed limit was 25 miles per hour.

There are no warning signs with the borough that defendant could have seen. There were official signs posted within the township facing eastbound traffic. These signs and distances from the borough line were:

1. Reduced Speed 25 MPH Ahead            500 feet
2. Speed Enforced by Electronic
       Devices Ord. No. 1982-6*            350 feet
3. McSherrystown Borough, historical
       marker (nonofficial sign)           119 feet
4. Speed Limit Strictly Enforced          39 feet

and finally, a sign inside the Borough:

5. 25 MPH Speed Zone          (within)   33 feet

McSheerystown had formally adopted Ordinance 1982-6 prior to the incident. The Ordinance authorized Borough police to enforce speed restrictions with electrical timing devices and the erection of official signs giving notice of police authority to enforce speed restrictions by such devices.

Defendant argues that the ordinance is legally deficient because it did not specfically authorize usage of the machine used in this case. He further argues that the signs were inadequate because they were posted in Conewago Township. Defendant perceives the Vehicle Code and more specifically 75 Pa. C.S.A. §6101 et seq. to require specific authorization for electrical timing devices and to require posting of warning signs within the municipality.

---

*The wording of this sign, except its failure to identify McSherrystown as the municipality involved, is not an issue.

There is a divergence of authority as to whether either an ordinance or warning signs are required. Unfortunately, no case has been decided by an appellate court. We understand that a Montgomery County decision is currently on appeal but no decision has been entered. Commonwealth v. Nixon, 112 Mont. Co. L.R. 108 (1983).

One line of cases reads provisions of the Vehicle Code together and finds a statutory requirement that ordinances be enacted and signs posted. Commonwealth v. Herdman, 21 Pa. D.&C.3d 48, 31 Cambria Co. Rep. 36 (1981); Commonwealth v. Rohrer, 31 Cambria Co. Rep. 31 (1980); Commonwealth v. Antonavage, 8 Carbon Co. L.J. 359 (1983). There are suggestions that an ordinance must specifically authorize the machine to be used. Commonwealth v. Wickman, 130 P.L.J. 65 (1981).

Another line of cases finds neither a need for ordinances nor for signs. The Vehicle Code is interpreted as excluding the exercise of police powers from ordinance requirements. These opinions criticize findings that signs are needed as being based mistakenly on appellate authority dealing with radar and specific provisions which once related thereto. See Commonwealth v. Brose, 412 Pa. 276, 194 A.2d 322 (1963). This line includes: Commonwealth v. Selleck, 25 Pa. D.&C.3d 393, 15 Lyc. Rep. 66 (1982); Commonwealth v. Hurrell, 103 Dauphin Co. Rep. 341 (1982); Commonwealth v. DePasquale, 32 Cumb. L.J. 538 (1982).

There is a possibility that a third view could emerge as a result of Commonwealth v. Kerns, 278 Pa. Super. 283, 420 A.2d 542 (1980) and Commonwealth v. Aiello, 293 Pa. Super. 186, 437 A.2d 1268 (1981). That view would possibly require ordinances and signs for actions taken after the effective date

of the Vehicle Code but not for those in existence prior to the code's enactment.

These interpretations arise from the particular wording of 75 Pa. C.S.A. §§6101, 6102, and 6109. Section 6101 provides that no local government may enact or enforce any ordinance covered by the code unless specifically authorized in that law. Section 6102(b) requires that local governments exercise powers granted "only by duly enacted ordinances."

Actually, the only specific areas in which it might be argued authorization is given appear in Section 6109. However, the legislature has not worded this section as a grant of authority. Rather, it is worded as an exclusion from the proscriptions placed upon local authority by the Vehicle Code. Thus, we read that the code provisions "shall not be deemed to prevent" local governments from exercising reasonable police powers. Certain subjects are then set forth as illustrations and described as being presumptively reasonable police powers. These include altering speed zones under Section 6109(a)(10) and the enforcement of speed restrictions under Section 6109(a)(11).

Section 6109(c) requires that there be erected "traffic control devices giving notice of the traffic regulations or ordinances" before any ordinance enacted under any subsection may be enforced.

The Superior Court in the Kerns and Aiello decisions held that requirements of Section 6109(e), pertaining to engineering and traffic studies, did not apply to ordinances in effect at the time of the Vehicle Code's enactment. That is why we said a third view is possible. More importantly from our standpoint, these cases used a common sense approach to avoid reaching an absurd or unreasonable result.

We are not called upon to determine if ordinances and signs are required but to determine if this ordinance and these signs sufficed. In balance, we are more inclined to adopt the Selleck view as it pertains to enforcement. In any event, we cannot adopt the arguments advanced by defendant. To do so would conceivably lead to a requirement that any means of enforcement must be specified in an ordinance. There is nothing in the code which applies special rules to electrical measuring devices. If the exercise of police powers is subject to an ordinance requirement and equipment must be identified, every piece of equipment would be subject to the requirement. It is one thing to require that speed limits be established by an ordinance and quite another to require that every piece of equipment to be used in enforcement has to be specifically identified by model and make.

The signs were placed appropriately, in our view. Section 6109(c) reads:

When traffic-control devices required.—No regulation or ordinance enacted under subsection (a)(1), (4), (5), (6), (7), (9), (10), (11), (12), (13), (14), (15), (16), or (21) shall be effective until official traffic-control devices giving notice of the traffic regulations or ordinances are erected upon or at the entrances to the highway or part thereof affected as may be most appropriate.

The subsection appears designed to give fair warning to motorists and does not require placement within the enforcement municipality. It is our view that the signs placed in this case were designed to and did give fair warning to motorists such as defendant that speed measuring devices were to be used in the borough.

The attached verdict and order is entered.

## VERDICT AND ORDER

And now, March 7, 1984, the court finds defendant guilty. He shall appear for sentencing April 18, 1984, at 9:00 a.m. unless he files post verdict motions within ten days of this date. He may waive appearance and formal sentencing by paying the statutorily required fine and costs to the clerk of courts.