567 A.2d 1052

**COMMONWEALTH of Pennsylvania**

v.

**John McCahan PARKER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1989.

Filed Nov. 29, 1989.

Reargument Denied Jan. 16, 1990.

Wendell V. Courtney, State College, for appellant.

Robert F. Hawk, Asst. Dist. Atty., Butler, for the Com., appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from the December 8, 1988 judgment of sentence imposed pursuant to the trial court's determination appellant was guilty of driving a vehicle in excess of 35 miles per hour in an urban district, in violation of 75 Pa.C.S. § 3362(a)(1) Maximum speed limits. The trial court sentenced appellant to pay the costs of prosecution and a $59 fine.

The sole issue on appeal is whether the evidence was sufficient to support appellant's conviction. Appellant contends the evidence was insufficient because the Commonwealth failed to offer evidence the situs of the offense was an urban district so as to invoke 75 Pa.C.S. § 3362(a)(1). This Court's scope of review in cases such as this where the trial court has heard the matter *de novo* is to determine whether competent evidence supports the findings of fact and to correct any erroneous conclusions of law. *Commonwealth v. Cogan*, 342 Pa.Super. 386, 389, 492 A.2d 1388, 1389 (1985). Applying this standard, a thorough review of the evidence presented, along with relevant statutory and case law, reveals the evidence was indeed sufficient.

Appellant was convicted under 75 Pa.C.S. § 3362(a)(1), which provides:

(a) **General rule.**—Except when a special hazard exists that requires lower speed for compliance with section 3361 (relating to driving vehicle at safe speed), the limits specified in this subsection or established under this subchapter shall be maximum lawful speeds and no person shall drive a vehicle at a speed in excess of the following maximum limits:

(1) 35 miles per hour in any urban district.

Appellant asserts there are three elements to the offense, which the Commonwealth must prove to sustain a conviction, and they are: 1) appellant operated a vehicle; 2) at a speed in excess of 35 miles per hour; and 3) in any urban district. We do not agree.

The portion of the statute referring to any urban district is not an essential element of the offense. As the trial court found, the posting of a sign designating a 35 mile per hour zone is a function of the municipal or state authority empowered by statute to establish such zones. It is a rule of law that the acts of such officials are entitled to a prima facie finding of regularity, *Bethlehem Steel Co. v. Board of Finance and Revenue,* 431 Pa. 1, 244 A.2d 767 (1968), which in this case requires a finding that the sign was posted in an urban district as defined in 75 Pa.C.S. 102, Definitions. A rebuttable presumption is created that the situs of the offense was in an urban district or another properly zoned section. *See Albert v. Lehigh Coal and Navigation Co.,* 431 Pa. 600, 246 A.2d 840 (1968).[1] This presumption results from the fact Pennsylvania law establishes two basic maximum speed limits: 35 miles per hour in any urban district and 55 miles per hour in other locations. 75 Pa.C.S. § 3362(a)(1) and (2). Any other posted speed limit must be based on an engineering and traffic study or fall in special zones such as school and work zones, all of which are covered by section 3362(a)(3). 67 Pa.Code § 211.72 Speed limits in other than work areas. Hence, if the area where the offense occurred was posted as a 35 mile per hour zone, the law presumes it is an urban district because of the presumption of regularity attributed to official acts. If such were not the case, in every traffic violation situation, before a conviction could be obtained, it

1. 31A C.J.S. Evidence 146
    a. In General
    Official acts or duties are, in the absence of evidence to the contrary, presumed to have been properly performed, and, as a general rule, it is presumed that a public official discharges his duty or performs an act required by law in accordance with the law and the authority conferred upon him, and that he acts fairly, impartially and in good faith.

would first be necessary to prove that the state or municipality properly exercised its authority in posting a zone, regardless of the evidence of the guilt of the party charged. A presumption of regularity is particularly suitable in properly posting speed limits, due to the extraordinary number and variations of such postings throughout the Commonwealth. *See Bethlehem Steel, supra.*

As a result, the Commonwealth need not prove appellant was exceeding the 35 mile per hour maximum speed limit *in an urban district,* but it need only show, as it did, appellant operated a vehicle in excess of 35 miles per hour in a 35 mile per hour zone. The Commonwealth having made that showing, it was then incumbent upon appellant to rebut the presumption the offense occurred in such a district and that officials improperly zoned that stretch as an urban district. Presumptions throw upon the party against whom they work, the duty of going forward with the evidence. *MacDonald v. Pennsylvania R. Co.,* 348 Pa. 558, 36 A.2d 492 (1944). *See also, Rice v. Shuman,* 513 Pa. 204, 519 A.2d 391 (1986); *Lynn v. Cepurneek,* 352 Pa.Super. 379, 508 A.2d 308 (1986). "A presumption of law compels the fact finder to reach a particular conclusion in the absence of evidence to the contrary.... A legal presumption may also be based upon procedural expediency or public policy." *Greene v. Oliver Realty, Inc.,* 363 Pa.Super. 534, 543, 526 A.2d 1192, 1196 (1987) (citations omitted). In the instant case, appellant made no attempt to rebut the presumption the offense occurred in a properly zoned urban district. As such, the trial court correctly presumed the offense occurred in an urban area and found appellant guilty under 75 Pa.C.S. § 3362(a)(1). There are thousands of urban districts with 35 mile per hour speed limits in Pennsylvania and it would be ludicrous to proceed, as appellant suggests, on the notion the Commonwealth must prove the speeding violation occurred in a properly zoned urban district in every case where a defendant is accused of exceeding the 35 mile per hour maximum speed limit. We therefore agree with the trial court.

The cases cited by appellant to refute the court's findings are inapplicable. As we have stated, the Commonwealth does not shift the burden to the appellant to establish the elements of the crime as the only requirement on the Commonwealth is to establish that the section of the road was posted 35 miles per hour and the appellant was the driver of a vehicle who exceeded the 35 mile per hour limit, as established by competent evidence in those cases. Appellant's reference to *Commonwealth v. Anspach,* 134 Pa. Super. 369, 4 A.2d 203 (1939), and its progeny are not authority for the position he has taken. In those cases the issue was notice in that this Court has held that before a person can be charged with violating a speed limit, the limit must be posted in the manner prescribed by the statute:

> official signs, erected by the proper authorities, on the right-hand side of the highway facing the traffic to be controlled.... This limit shall be observed for a distance beyond said sign for not more than one-eighth (⅛) of a mile. An additional sign shall be placed at intervals not greater than one-eighth (⅛) of a mile, and any extension of such limited zone shall be marked by additional signs in like manner.

*Id.,* 134 Pa.Superior Ct. at 370, 4 A.2d at 203. Finding those requirements were not met, the court stated:

> But there is absolutely no testimony that 25 mile official speed limit signs were erected on the right-hand side of the highway facing the traffic to be controlled,.... The erection and display of the signs as prescribed are primary requisites. The speed limitation only applies to the limited zone so marked. In absence of proof that a zone was so marked, it cannot be established that appellant violated this section (1002(b) 4) of the act.

*Id.,* 134 Pa.Superior Ct. at 372, 4 A.2d at 204.

We know of no appellate case which holds that in addition to the proper posting of a speed limit sign the Commonwealth must also prove that the officials responsible for the

posting fulfilled their responsibility in designating the zone as required by statute and highway regulations.

Judgment of sentence affirmed.